**No. 40167.**—Protests 277737–G, etc., of Gimbel Bros., Inc. (New York).

Opinion by Dallinger, J.   It was stipulated that the merchandise consists of incense burners, dishes, pots, bottles, table lamp with shade, jars, bowls, baskets, cocktail shakers, tea caddies, sherbets, trays, jugs, teapots, sugar bowls, cream pitchers, boxes, sardine servers, dishes and covers, coffee pots, pepper and salt sets and shakers, cruets, sugar dredgers, tea strainers, spoons, toasters, vases, candlesticks, crumb trays and scoops, photo frames, inkstands, cake stands, and atomizers chiefly used on the table, in the kitchen, or in the household for utilitarian purposes, or hollow ware.   The claim at 40 percent under paragraph 339 was therefore sustained.   *United States* v. *Friedlaender* (21 C. C. P. A. 103, T. D. 46445), *Dow* v. *United States* (id. 282, T. D. 46816), *Woolworth* v. *United States* (T. D. 47857), and *Rice* v. *United States* (T. D. 49373) cited.

Before the Third Division, December 19, 1938

**No. 40168.**—Protest 949588–G of J. L. Hopkins & Co., Inc. (New York).

Opinion by Cline, J.   No evidence was offered in support of the claims made. The protest was therefore overruled.

Before the First Division, December 20, 1938

**No. 40169.**—Protests 752539–G, etc., of McKesson & Robbins, Inc., et al. (New York).

Opinion by First Division.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 40170.**—Protests 801313–G, etc., of American Overocean Corp. et al. (New York).

Opinion by First Division.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 40171.**—Protests 828790–G, etc., of Batjer & Co. et al. (New York).

Opinion by First Division.   Following the authorities cited in Abstract 15400 the court dismissed the protests.